UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

INA Manufacturing Corporation, dba
Deep Draw Manufacturing Company

Debtor

BKY 99-30128-DDO
ADV 01-3010 DDO
*Chapter 7*

John R. Stoebner, Trustee

Plaintiff

v.

Ruth D. Kahn, Norman L. Kahn, Richard J. Hettler,
R. Carol Melissa Kahn, Jeffrey S. Nelson, 712 Corporation,
INA Holdings, LLC, INA Asset Management, Inc.,
Amadeus Irrevocable Trust, Senior Consultants Corp,
Kenneth Kahn, e-Think, Inc.

*THIRD-PARTY*
*COMPLAINT FOR*
*MONEY DAMAGES*

Defendants; and,

*Third-party Plaintiffs* Richard Hettler, as an individual, as co-trustee to Amadeus Irrevocable Trust, as trustee for Capital Asset Management Group, LLC, as Administrator for the Estate of Eugene Hettler, as Director and officer of Security Financial Group, Inc, as Director and officer of Multinational Investors Group, Inc., and the Estate of Eugene Hettler, Security Financial Group, Inc, and Multinational Investors Group, Inc.

v.

*Third-party defendants* Kenneth Kahn, e-think, Inc, Paul E. Dicker, Lydia Dody, Helen Judd, Arlene Solotoff, Premier Bank Metro South, National City Bank, Leonard, Street, and Deinard, Judith Sargent, Thomas Petters, Petters Company, Inc, John Stoebner, Esq, Linda Jensen, Esq, William A. Vincent, Esq, Thomas F. Miller, Esq, Mead Metals, Inc., the bankruptcy estate of INA Manufacturing Corporation, the bankruptcy estate of Ruth D. Kahn personally, Meagher & Geer, Messerli & Kramer, Lapp, Libra, Thomson, Stoebner & Pusch, adversarial defendants Madison-Berlin Financial Services, Inc, Hoff Jewelers, Inc, Absolute Bail Bonds, Inc., Equity Lending, Inc., Joseph W. Dicker, Esq, Daniel M. Mohs, Esq, Daniel Mohs & Associates, Gabberts, Inc, Bremer Bank National Association, Erickson Metals of Minnesota, Inc. Egan McKay Electrical Contractors, Inc, Igor Ganopolskiy, Lakeville Motors Express, Inc, Guaranty Federal Bank FSB, and Target Corporation.



Filed on 7-10-01
Patrick G. De Wane, Clerk
By /s/ Deputy Clerk

For their third-party complaint against the above-named third-party defendants, third-party Plaintiffs state and aver as follows:

## I. JURISDICTION

1. This court has jurisdiction over this adversary proceeding pursuant to *28 USC Sections 157 and 1334 (1994)*. This action follows an action brought by trustee Stoebner to recover property which he alleges belongs to the estate and is a core proceeding pursuant to *28 USC Section 157(b)(2)(1994).*

2. Venue is properly before the court pursuant to *28 USC Section 1409 (1994)*.

## II. FACTS

1. Amounts discharged as a result of trustee Stoebner's *NOTICE OF SETTLEMENT and SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("STOEBNER SETTLEMENT")* dated 27 June, 2000, and other predecessor conveyances, have been argued by creditor Hettler and other third-party Plaintiffs as *fraudulently conveyed in an atmosphere of bankruptcy fraud.* Court records now available show that amounts transferred as a result of the Stoebner Agreement and predecessor conveyances were never assets of any bankruptcy estate, but belonged and still belong to creditor Hettler and other third-party Plaintiffs, yet such assets are now in the hands of others, predominantly non-creditors.

2. Within one year prior to the filing of the debtor's petition, and while the bankruptcy was in progress, Ruth Kahn, in a corporate capacity for the debtor, as officer or director of 712 Corporation, Senior Consultants, Inc, as a sole member of Ina Holdings, LLC. received from third-party Plaintiff Richard Hettler, and thereafter falsely claimed ownership of various non-estate assets, contemporaneous to which she fraudulently conveyed such assets to various "*insider*" third-party defendants. Such averments have been verified on numerous occasions by third-party Plaintiffs, trustee Stoebner and attorney Garrett Vail, who represents third-party defendant Premier Bank Metro South.

3. Kahn introduced creditor Richard Hettler to third-party defendants Thomas Petters, Petters Company, Inc. ("*Petters*") in November 1997 urging Hettler to loan Petters then $600,000, fully collateralized with Petters inventory and doubly guaranteed personally and corporately by Petters. Kahn made this introduction and recommendation to Hettler mindful that Petters had defaulted with Kahn on hundreds of thousands of dollars previously loaned by Kahn to Petters (see Kahn affidavit dated 1/5/98 filed with Hettler's Proof of Claim). Such promissory Note was to have matured on 2 January, 1998 in an amount of $661,500. After Petters stopped payment on the note, Kahn guaranteed payment on this note as to principal and interest (see her affidavit in Hettler's proof of claim). Hettler, again with personal and corporate guarantees by Petters, loaned an additional $400,000 to Petters on promises by Petters. Such obligations of Petters were

ostensibly memorialized with two promissory Notes executed between Hettler and Petters in March, 1998, neither of which have ever been honored for payment by Petters. Each such promissory note has a face value of $1,315,875 and carries an interest rate of 14% per annum compounded monthly. Petters to date has paid *nothing* to third-party Plaintiffs but paid to himself and other third-party defendants $1,450,000 in consideration of trustee John Stoebner's *SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("STOEBNER AGREEMENT") dated 27 June, 2000* which trustee Stoebner had approved by this court. All checks furnished Hettler et al by Petters were either marked "*NSF*" or "*Stopped Payment*". (see Petters' bounced checks in Hettler's proof of claim), notwithstanding adequate funds on deposit at Petters' Highland Bank. Petters apparently instructed his bankers to dishonor two (2) checks furnished Hettler, one in the amount of $661,500 and one in the amount of $663,500 (see Hettler proof of claim).

4. In addition to $1,450,000 fraudulently conveyed as a result of the *STOEBNER AGREEMENT* were two (2) promissory Notes entered into between Richard Hettler, as trustee for Capital Asset Management Group, LLC, and Petters. Petters, on both such Notes, guaranteed personally and corporately repayment of principal and interest to Hettler personally, and as trustee for Capital Asset Management Group, LLC. Capital Asset Management Group, LLC is the fiduciary for investment capital providers Security Financial Group, Multinational Investors Group, Inc, and for the Estate of Eugene Hettler, a death estate for which the Los Angeles Superior Court appointed Hettler his deceased brother's Administrator.

5. Subsequently, even though only one of the two (2) promissory Notes had been placed within the contested jurisdiction of the bankruptcy court via a lower court Attachment Order, without diligence on the part of Stoebner to verify ownership of the underlying assets (per attorney Garrett Vail), two (2) Promissory Notes having a scheduled value of in excess of $3 million, were exchanged with Petters per the *STOEBNER AGREEMENT*, in return for Petters payment of $1,450,000. Such foreclosed on third-party plaintiffs' rights to repayment from Petters. Hettler subsequently initiated suit against trustee Stoebner for such losses in this same adversarial proceeding.

6. This action of Stoebner took $1,450,000 from bankruptcy non-parties (third party plaintiffs) and gave Petters an apparently jurisdictionally defective discount on his financial obligations to third party Plaintiffs of then over $2 million. Stoebner accepted payment from Petters (again per attorney Garrett Vail) *without any apparent lawful jurisdiction over one of the two Notes* and absolutely *no jurisdiction over the other*. Without any investigatory efforts expended by either trustee Stoebner or Miller (Kahn's personal bankruptcy trsueee-99-42419 before judge Dreher), as attorney Garrett Vail had insisted upon, Stoebner, working with trustee Miller and other non-creditor claimants, apparently approached Petters with a "*deal*". In return for return of both Promissory Notes, they (Stoebner, Miller, claimants, claimant counsel, etc) would accept $1,450,000 from Petters to pay third-party defendants Lydia Dody, Helen Judd, Judith Sargent, Premier Bank Metro State, the Estate of Ruth Kahn, the Estate of Ina Manufacturing, both trustees, and Petters himself, a total of $1,450,000. Stoebner memorialized this "*deal*" in a motion

before this court for approval, without disclosing to this court the true ownership of the assets Stoebner contemplated disbursing. The undisputed facts show that both such Notes, returned to Petters as part of Stoebner's deal with Petters, then had a scheduled value in excess of $3 million and that debtor Kahn didn't own either of the two Notes at the time of bankruptcy. Court records show that Kahn and her counsel John Stoebner prepared and filed a Schedule B, which claimed that she owned the two (2) Petters notes, which fraudulently inflated her assets by $3 million. Records subsequently furnished the court in Hettler's proof of claim shows that Kahn owned neither of the two notes at the time she prepared her Schedule B, nor did she *ever* own both Notes.

7, Kahn took monies and other assets from third-party Plaintiffs, and discharged to third-party defendants or fraudulently claimed ownership of assets owned by third-party Plaintiffs so she could use such assets for her own good, for the good of her banks, her employees, family members, friends, relatives, and counsel, but moreover to finance her bankruptcies. Corporate trustee John Stoebner, in January of 2001, filed fifteen (15) new lawsuits against the above-named adversarial defendants for money recovery alleging that Kahn had *fraudulently conveyed* such assets to them. Evidence subsequently furnished the court show that these adversarial defendants received monies owned not by the estate, but by creditor Hettler and third party Plaintiffs.

8. Such apparent bankruptcy fraud unlawfully discharged $1,450,000 and other assets valued collectively in excess of $3 million owned by third-party Plaintiffs to third-party defendants. While the exact amount of money damages is unknown at this time, many of the third-party defendants are indebted to third-party Plaintiffs for amounts substantially in excess of $10,000.

9. Prior to this matter's conversion from Chapter 11 to Chapter 7, creditor Hettler and third-party Plaintiffs had their claims impaired in violation of *11 USC Section 1124*, they were not noticed nor were they ever invited to participate in Section 341 meetings, nor Rule 2004 examinations, at which incidence of debtor fraud could have been first detected.

### *III. LEGAL CLAIMS*

### *COUNT ONE*

### *FRAUDULENTLY CLAIMED PROPERTY UNDER 11 USC SECTION 541*

10. Third-party Plaintiffs restate, reallege, and adopt by reference the allegations contained in paragraphs 1 through 9 inclusive herein.

11. In whole or in part, the debtor's actions alleged ownership of assets which evidence already of record shows that debtor Kahn didn't own at the time she filed bankruptcy. Therefore, such property claimed and distributed by trustee Stoebner, and thereafter trustee Miller, is not the property of the estate as they must under 11 USC Section 541.

12. Such fraudulently claimed property was thereafter conveyed to various third-party defendants with an actual intent to delay payment to, or defraud legitimate creditors of the estate, predominantly third-party Plaintiffs to which the debtor was or became indebted.

13. Third-party Plaintiff owners of such claimed assets received nothing from the debtor other than somewhat de minimus amounts which Kahn paid to service the debt that she incurred with Hettler and third-party Plaintiff Security Financial Group, Inc in November, 1997 (see Hettler proof of claim). While the exact amount of such monies paid by Kahn to Hettler in service of that debt is unknown, such debt service amounts paid by Kahn were thereafter taken by parties and counsel hereto.

14. Discharge of non-estate assets has been objected to since this fraud was brought to the attention of creditor Hettler and other third-party Plaintiffs in May of 2000. Creditor Hettler and third-party Plaintiffs are entitled to recovery of such fraudulently claimed assets under 11 USC Sections 502 and 547, Minnesota Statutes 513.47.

## *COUNT TWO*

## *FRAUDULENT TRANSFERS UNDER 11 USC SECTION 548*

15. Third-party Plaintiffs restate, reallege, and adopt by reference the allegations contained in paragraphs 1 through 14 inclusive herein.

16. Trustee Stoebner, apparently knowledgeable that debtor Kahn used third-party Plaintiff assets to pay third-party defendants instead of using her own money, conveyed apparently knowledgeably such assets to third-party defendants after stating that he believed that debtor Kahn had "*stashed*" over $2 million prior to filing bankruptcy.

17. Such transfers were conveyed to various third-party defendants with an actual intent to delay payment to, or defraud legitimate creditors of the estate, but moreover third-party plaintiffs to which the debtor was or became indebted.

18. Third-party Plaintiff owners of such claimed and fraudulently conveyed property received nothing from trustee Stoebner.

19. While it is clear that the debtor Kahn fraudulently claimed assets belonging to this estate and her companion personal bankruptcy estate, it is also clear that trustee Stoebner and later trustee Thomas Miller (personal bankruptcy trustree-99-42419) fraudulently conveyed such assets, alleging that they belonged to their respective estates.

20. Third-party Plaintiff Hettler, as plaintiff and creditor in the core proceeding, had in excess of $3 million in cash and other assets taken from him to discharge two (2) bankruptcy estates with otherwise no assets of their own.

21. Such transfer of non-estate assets has been objected to since this fraud was brought to the attention of creditor Hettler and third-party Plaintiffs in May of 2000. Creditor Hettler and third-party Plaintiffs are entitled to recovery of such fraudulently conveyed assets under 11 USC Sections 502 and 547, Minnesota Statute 513.47.

## COUNT THREE

### FRAUDULENT TRANSFERS UNDER MINN STAT SECTION 513.44

22. Third-party Plaintiffs restate, reallege, and adopt by reference the allegations contained in paragraphs 1 through 21 inclusive, herein.

23. In whole or in part, the debtor's and now trustee Stoebner foregoing actions constitute a transfer of interest in property alleged owned by the debtor to various third-party defendants within one year of the date of the filing of this petition.

24. The debtor and now trustee Stoebner made such transfers to various third-party defendants with an actual intent to delay payment to, or defraud third-party plaintiffs to which the debtor was or became indebted, without receiving any value in exchange for such obligation.

25. Debtor and trustee Stoebner furnished third-party defendants with property owned by third-party plaintiffs, capital providers of which were never a party to this or any other bankruptcy action, and who received nothing from either debtor or trustee Stoebner.

26. On creditors behalf, and in behalf of party-party Plaintiffs whose capital financed this and the personal bankruptcy of Kahn, the creditor and such party-party Plaintiffs are entitled to recovery of such assets under 11 USC Sections 502 and 547, Minnesota Statute 513.47.

## COUNT FOUR

### FRAUDULENT TRANSFERS UNDER MINN STAT 513.45(a)

27. Third-party Plaintiffs restate, reallege, and adopt by reference the allegations contained in paragraphs 1 through 26 inclusive, herein.

28. In whole or in part, the debtor's and now trustee Stoebner foregoing actions constitute a transfer of interest in property alleged owned by the debtor to various third-party defendants within one year of the date of the filing of this petition.

29. The debtor and now trustee Stoebner made such transfers to various third-party defendants with an actual intent to delay payment to, or defraud third-party plaintiffs to which the debtor was or became indebted, without receiving any value in exchange for such obligation.

30. Debtor and trustee Stoebner furnished third-party defendants with property owned by third-party plaintiffs, capital providers of which were never a party to this or any other bankruptcy action, and who received nothing from either debtor or trustee Stoebner.

31. On creditors behalf, and in behalf of third-party Plaintiffs whose capital financed this and the personal bankruptcy of Kahn, the creditor and such third-party Plaintiffs are entitled to recovery of such assets under 11 USC Sections 502 and 547, Minnesota Statute 513.47

32. The above-described transfers were made to discharge an antecedent debt of the debtor who, according to Attorney Garrett Vail, used third-party Plaintiff's assets instead of her own to pay her personal and corporate debts and otherwise finance her bankruptcies.

33. At the time of the transfers, and even to this day, debtor was and is alleged as *insolvent* by corporate trustee John Stoebner, even though he has asserted to everyone (other than the courts and the US Trustee) that debtor Kahn has "*stashed*" over $2 million of her own money prior to and contemporaneous with her subject bankruptcies, both before this court and the court of Honorable Nancy C. Dreher (99-42419). Trustee Stoebner's assertions to this court regarding Kahn's alleged "*insolvency*" under 11 USC Section 101(32) and Minn. Statute 513.42 are apparently not communicated in good faith.

34. Such transfers unjustly enriched third-party defendants, most of whom were "*insiders*" of the debtor under 11 USC Section 101 (31) and Minn Stat Section 513.41.

35. This third-party suit has been brought because non-estate third-party Plaintiff assets were taken by third-party defendants to satisfy Kahn's personal and corporate debts. While corporate debtors are not granted discharges under *11 USC Section 727*, discharge was allowed on 10/5/99 in her personal bankruptcy (99-42419 before Honorable Judge Nancy Dreher) after Kahn apparently made false oaths, presented and used false claims, and concealed her own assets in the process. All relief thereafter made available to third-party defendants is therefore not only unlawful under *11 USC Sections 541, 548, and 727,* but moreover excepted in apparent violation of *11 USC Section 523*.

    *WHEREFORE,* Third-party Plaintiffs respectfully demand the following relief:

A. Judgment against all third party defendants plus pre-judgment interest from the date of their receipt of such third-party Plaintiff assets.

B. Judgment against the third-party defendants awarding third-party Plaintiffs their reasonable costs and disbursements;

C. Such other relief as this Honorable Court deems proper and equitable under the circumstances.

*Respectfully submitted this 10th day of July, 2001*

By: _____
Richard J. Hettler
Third Party Plaintiff, pro se
3430 List Place, Ste 802
Minneapolis, MN 55416
612 285-8458


## *VERIFICATION*

I, Richard J. Hettler, third-party Plaintiff and creditor of the bankruptcy estate of INA Manufacturing Corporation, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

_____
Richard J. Hettler


## *CERTIFICATE OF MAILING*

I hereby certify that on this 10th day of July, 2001, I forwarded a true and correct copy of the above and foregoing to opposition counsel.

_____

### SERVICE LIST-99-30128 ADVERSARIAL 01-3010

Kenneth Kahn
409 Cottage Downs
Hopkins, MN 55305

e-Think
Attn: Officer or Managing Agent
409 Cottage Downs
Hopkins, MN 55305

Paul E. Dicker
6110 Elizabethan Drive
Nashville, TN 37205

Lydia Dody
c/o Messerli & Kramer
150 South Fifth Street Ste 1800
Minneapolis, MN 55402

Messerli & Kramer
Attn: Officer or Managing Agent
150 South Fifth Street Ste 1800
Minneapolis, MN 55402

Helen Judd
c/o Meagher & Geer
Attn: Officer or Managing Agent
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

Meagher & Geer
Attn: Officer or Managing Agent
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

Thomas F. Miller, Esq
715 Florida Avenue S #305
Minneapolis, MN 55426

Arlene Solotoff
c/o Meagher & Geer
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

Premier Bank Metro South
c/o Christoffel & Elliott
1111 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101

Mead Metals
c/o Christine M. Carroll
555 Cardigan Road
Shoreview, MN 55126

National City Bank
c/o Leonard, Street, Deinard
Suite 2300, 100 South Fifth Street
Minneapolis, MN 55402

Leonard, Street, Deinard
Attn: Officer or Managing Agent
Suite 2300, 100 South Fifth Street
Minneapolis, MN 55402

Judith Sargent
c/o Urosh Piletich, Esq.
1675 South Greeley Street #203
Stillwater, MN 55082

Thomas Petters
c/o Andrew Marshall, Esq.
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

Petters Company, Inc.
c/o Andrew Marshall, Esq.
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

John Stoebner, Esq
c/o Lapp Libra, Thomson, Stoebner, and Pusch
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402

Lapp Libra, Thomson, Stoebner, and Pusch
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402

Linda Jensen, Esq.
Messerli & Kramer
150 South Fifth Street, #1800
Minneapolis, MN 55402

Bankruptcy Estate of Ruth D. Kahn
c/o Joseph W. Dicker, Esq
1406 West Lake Street
Minneapolis, MN 55408

Joseph W. Dicker, Esq
1406 West Lake Street
Minneapolis, MN 55408

Bankruptcy Estate of Ina Manufacturing
c/o William A. Vincent, Esq.
Suite 1680
8500 Normandale Lake Blvd.
Minneapolis, MN 55437

William A. Vincent, Esq.
Suite 1680
8500 Normandale Lake Blvd.
Minneapolis, MN 55437

Absolute Bail Bonds, Inc
Attn: Officer or Managing Agent
1200 Title Insurance Building
400 2nd Avenue South
Minneapolis, MN 55402

Daniel M. Mohs, Esq.
Daniel Mohs & Associates, Ltd
5500 Wayzata Blvd, Ste 1025
Minneapolis, Mn 55416

Lakeville Motors Express, Inc
c/o Michael Mollerus, Esq.
7900 Xerxes Avenue South, Ste 2100
Minneapolis, MN 55431

Madison Berlin Financial Services
c/o George Singer
Lindquist & Vennum, PLLP
80 South Eighth St. Ste 4200
Minneapolis, MN 55402

Equity Lending
Attn: Officer or Managing Agent
7380 France Avenue South, Ste 100
Edina, MN 55435

Igor Ganopolskiy
4114 Beaver Dam Road
St Paul, MN 55122

Egan-McKay Electrical Contractors
Attn: Officer or Managing Agent
7100 Medicine Lake Road
Minneapolis, MN 55427

Gabberts, Inc.
Attn: Officer or Managing Agent
3501 Galleria
Edina, MN 55435

Bremer Bank National Association
f/k/a Princeton Bank
Attn: Officer or Managing Agent
633 South Concord St.
South St. Paul, MN 55035

Erickson Metals of Minnesota
Attn: Officer or Managing Agent
501 93rd Avenue NW
Evergreen Business Park
Coon Rapids, MN 55433

Guarantee Federal Bank FSB
Attn: Officer or Managing Agent
f/k/a Hemet Federal Savings and Loan Assn
3013 West Florida Avenue
Hemet, California 92545

Target Corporation
Attn: Officer or Managing Agent
777 Nicollet Mall
Minneapolis, MN 55402

Hoff Jewelers, Inc
Attn: Officer or Managing Agent
1977 Sloan Place #100
Maplewood, MN 55117

July 10, 2001

Patrick G. De Wane, Clerk
United States Bankruptcy Court
District of Minnesota
200 Warren E. Burger Federal Building
316 North Robert Street
St Paul, Minnesota 55101

In re:  Ina Manufacturing Corp dba Deep Draw Manufacturing Company, Debtor
BKY Case No. 99-30128-DDO, adversarial matter 01-3010

Dear Clerk:

Enclosed for filing in connection with the above-captioned matter are a *SUMMONS* and *THIRD-PARTY COMPLAINT FOR MONEY DAMAGES*. A service list accompanies this writing.

Respectfully,

Richard Hettler
3430 List Place, Ste 802
Minneapolis, MN 55416
612 285-8458

Attachment: Service List